IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DENNIS JOHNSON, #220424, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-693-ECM |
| | ) | |
| TRAVES YELDER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

*Pro se* Plaintiff Dennis Johnson ("Johnson"), an inmate in the custody of the Alabama Department of Corrections, brought this action pursuant to 42 U.S.C. § 1983. On March 25, 2026, the Magistrate Judge recommended that this case be dismissed without prejudice on the ground that Johnson falsely represented that he had never filed a prior lawsuit relating to his imprisonment. (Doc. 9). Johnson timely filed objections to the Recommendation. (Doc. 12). Also pending before the Court is Johnson's motion to amend his complaint. (Doc. 10). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Johnson's objections, the Court concludes that Johnson's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

**LEGAL STANDARD**

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

As indicated above, the Magistrate Judge recommends dismissal of this case without prejudice on the ground that Johnson falsely represented that he had not filed any prior lawsuits relating to his imprisonment. In his objections, Johnson contends that in one of the prior lawsuits identified in the Recommendation, Case No. 1:13-cv-420-KD-C (S.D. Ala.), he entered into a confidential settlement agreement which provides that Johnson cannot "bring up . . . th[e] case in any civil or criminal proceeding," and if he does, he could be "suited back for the full reimbursement of the settlement." (Doc. 12 at 1–2). He further asserts that the second lawsuit identified in the Recommendation is related to the first one such that, according to him, disclosing the existence of either lawsuit would

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

amount to a violation of the settlement agreement in the first case. Later, Johnson contends that, pursuant to the settlement agreement, he cannot "involv[e] the defendants or anything in the case" in any civil or criminal case, (*id.* at 3), which is not the same thing as being precluded from "bring[ing] up" the case. The Court is not persuaded that the settlement agreement operates to prohibit Johnson from disclosing the mere fact that he had previously filed a lawsuit relating to his imprisonment when prompted to do so under penalty of perjury. Consequently, this objection is due to be overruled.

The Court now turns to Johnson's motion to amend. (Doc. 10). In the operative complaint, Johnson alleges that his due process rights have been violated because he has been held in "a level 3 prison with level 2 custody . . . without any notice of why." (Doc. 1 at 3). In his motion to amend, Johnson seeks to add "deliberate indifference" claims against new Defendants relating to different incidents from the incident described in the operative complaint. Defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," *and* "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Upon review of the operative complaint and motion to amend, the Court concludes that the proposed amendment would not be proper under Rule 20. Therefore, Johnson's motion to amend is due to be denied.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Johnson's motion to amend (doc. 10) is DENIED;

2. Johnson's objections (doc. 12) are OVERRULED;

3. The Recommendation of the Magistrate Judge (doc. 9) is ADOPTED;

4. This case is DISMISSED without prejudice;

5. All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 22nd day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE